## WALL vs. HAMPTON & AL.

APPEAL from the court of the second district.

MARTIN, J., delivered the opinion of the court. The plaintiff claims her freedom on the ground that she was sold to the defendants' vendor for a term of years, which is expired, and that she was to be free afterwards; that the bill of sale of this vendor was obtained through error and fraud. This was denied. The plaintiff had a verdict and judgment, and the defendants appealed.

A verdict on facts submitted, that an instrument was obtained through error or fraud is void.

WALL
*vs.*
HAMPTON&AL.

The jury found on a special issue, to show that the bill of sale alluded to was obtained through error *or* fraud.

We are of opinion, this finding of the jury is void for uncertainty, or otherwise nothing is *absolutely* found : the jury do not say it was obtained through *error* absolutely, for they say that it was either so, or through fraud; they do not say it was obtained through *fraud* absolutely, for they say it was obtained through error or fraud.

It is clear, the jury found themselves unable to swear positively to error or fraud : perhaps a part of the jury thought it was through fraud, and the rest through error, and the verdict was compounded of both opinions, neither of which was that of the whole.

It is true, the issue was proposed to them in the words they used in their verdict; but on this issue they might very properly, and we think they ought to have said, the deed was obtained through *error :* and not by fraud and not by error, or by error and fraud, or neither by error or fraud, as the evidence might establish.

This finding, in our opinion, cannot support the judgment.

WALL
*vs.*
HAMPTON&AL.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial; the defendants and appellees paying costs in this court.

*Porter* for the plaintiff, *Pierce* for the defendants.